IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MELVIN MAX RAY, SR., #1117237 | § | |
| VS. | § | CIVIL ACTION NOS. 4:05cv468 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Melvin Max Ray, Sr., an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is complaining about his Denton County conviction for aggravated sexual assault of a child, Cause Number F2000-1223-D. After being charged by indictment with three counts of aggravated sexual assault, he pleaded guilty on July 15, 2002, in exchange for the State's abandonment of its motion for cumulative sentencing. The jury sentenced him to sixty (60) years of imprisonment. The Second Court of Appeals affirmed his conviction on October 2, 2003. *Ray v. State*, No. 02-02-0312-CR (Tex. App.– Fort Worth, Oct. 2, 2003, pet. ref'd). The Texas Court of Criminal Appeals then refused his petition for discretionary review (PDR) on February 11, 2004. PDR No. 2023-03. His application for state writ of habeas corpus, filed on April 22, 2005, was

1

denied without written order on November 23, 2005.

Petitioner filed the present petition on December 5, 2005. He alleges numerous grounds of relief based on ineffective assistance of counsel:[1]

1. Trial counsel failed to investigate and object to the admissibility of his four (4) prior misdemeanor convictions and preserve the same for appellate review;

2. Trial counsel failed to pursue and gain a ruling on a motion for limine to prohibit the admission of his prior misdemeanor convictions;

3. Counsel failed to investigate and object to a witness's alleged perjured testimony;

4. Counsel failed to object to the allegedly false statements in the jury charge;

5. Counsel failed to request an expert to testify regarding sex offender treatment;

6. Counsel failed to object to the prosecutor's closing argument; and

7. Counsel failed to advise Petitioner that, as a direct consequence of his guilty plea, he would be eligible for civil commitment upon release.

Petitioner also alleges that:

8. The trial court violated his right to a fair trial when it overruled his motion to strike a member of the venire panel, which ultimately lead to another biased juror to serve on his jury; and

9. His sixty-year sentence is cruel and unusual punishment.

The Attorney General provided a response, asserting that Petitioner's claims are without merit.

## Statement of Facts

Complainant NR, a friend of Petitioner's daughter, was thirteen years old at the time

---

[1]The order of issues have been reorganized for ease of discussion.

(Petitioner was in his early forties). Soon after they met, Petitioner began providing his daughter and NR with marijuana and alcohol. After a year's time, he provided them with cocaine. Petitioner asked NR to fondle his testicles while he smoked crack, to show her appreciation to him. In exchange for drugs, Petitioner made NR perform oral sex on him at least twice. He performed oral sex on her at least once. He also attempted to have or had vaginal sexual intercourse with NR at least twice.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner

applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

Ineffective Assistance of Counsel

Petitioner claims, in numerous grounds for relief, that his trial counsel was ineffective.

<u>Legal Standard</u>

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard

of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

Failure to Object

A failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel). Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On

6

habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689.

Analysis – Failure to Object and Investigate Petitioner's Misdemeanor Convictions

Petitioner alleges that his trial counsel was ineffective for failing to investigate and object to the admission of four misdemeanor convictions from 1980, 1986, and 1991. Specifically, he asserts that, had counsel investigated sufficiently, he would have discovered that the convictions were inadmissible pursuant to article 37.07, section 3(i) of the Texas Code of Criminal Procedure.

The Texas Code of Criminal Procedure provides that evidence may be offered by the State as to any matter the Court deems relevant to sentencing, including, but not limited to, prior criminal record, general reputation, character, and any other evidence of extraneous crimes or bad acts that is shown beyond a reasonable doubt to have been committed by the defendant regardless of whether he has previously been charged with or finally convicted of the crime or act. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a). The specific section upon which Petitioner relies is section 3(i). This section limits the admission of misdemeanor convictions punishable by jail to those offenses which occurred on or after January 1, 1996, as it applies to juvenile misdemeanor convictions. *See Hooks v. State*, 73 S.W.3d 398, 402 (Tex. App.–Eastland 2002) ("Section 3(i) refers to juvenile adjudications of delinquency, not adult convictions"). Petitioner would have been approximately twenty-four years old in 1980, thirty years old in 1986, and thirty-five years old in 1991. Those convictions were not juvenile convictions; therefore, they were admissible. Further, Texas law does not require prior notice of the introduction of extraneous bad acts during the punishment phase.

7

Tex. R. Evid. 404(b); *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002) (notice of state's use of extraneous bad acts limited to case-in-chief evidence; defendant not entitled to notice during state's cross-examination in punishment phase). Accordingly, as it was not error to admit Petitioner's misdemeanor convictions during sentencing, it is also not error when trial counsel failed to object to such admission. Failure to make meritless objections does not result in ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Furthermore, Petitioner's issues for failure to investigate and preserve the same for appellate review also fail for the same reasoning – trial counsel obviously knew that admission of the convictions is allowed within the Texas Code of Criminal Procedure, and objecting would have been frivolous. The State's denial of this claim was reasonable.

Analysis – Failure to Investigate and Object to Alleged Perjured Testimony

Petitioner also alleges that his counsel was ineffective for failing to investigate and object to testimony from witness Tiffany Cobos. Cobos testified to hearing a statement allegedly made by Petitioner to an individual named Megan Erickson at Petitioner's mobile home regarding a proposition for oral sex. Petitioner provides only his own conclusory assertion that Cobos perjured herself based on his belief that it would have been impossible to hear him due to the distance and ambient noise in the mobile home. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

To show prejudice during the punishment phase, the Fifth Circuit has held that there must be a reasonable probability that, absent counsel's unprofessional errors, the noncapital sentence would have been "significantly less harsh." *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005). A court should consider (1) the actual amount of the sentence imposed on the defendant, (2) the minimum and maximum sentences possible, (3) the relative placement of the sentence actually imposed within that range, and (4) the various relevant mitigating and aggravating factors that were properly considered. *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993). Petitioner must show significant prejudice. *Id*.

In light of testimony showing Petitioner's encouragement of drug abuse by young girls and the subsequent request for sexual favors, Petitioner has not shown that an objection to Cobos' testimony would have been successful or that his sentence would have been significantly less harsh. Petitioner has failed to show the testimony was perjured, that had counsel objected, the objection would have been sustained, that trial counsel was ineffective, or that he suffered prejudice. The State's denial of this claim was reasonable.

<u>Analysis – Failure to Object to Allegedly False Statement in Jury Charge</u>

Petitioner alleges that his trial counsel was ineffective for failing to object to instructions, required by Texas Code of Criminal Procedure article 37.07 § 4(a), concerning good conduct time and parole. As these instructions are required by state law, Petitioner has failed to show that any objection to these instructions would have been successful. *Clark*, 19 F.3d at 966. Further, Petitioner's assertion that the instructions may have caused the jury to misapply the law regarding good-time credits and parole release is without merit. The charge instructs the jury not to consider the extent to which good-conduct time may be awarded to or forfeited by Petitioner, as well as the

9

manner in which the parole law may be applied to Petitioner. The jury is presumed to follow the court's instructions. *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6, 103 S. Ct. 843, 853 n. 6, 74 L. Ed.2d 646 (1983); *United States v. Hopkins*, 916 F.2d 207, 218 (5th Cir. 1990). Petitioner has failed to show that failure to object was deficient performance; consequently, the State's denial of this claim was reasonable.

Analysis – Failure to Object to Prosecutor's Closing Argument

Petitioner alleges that his trial counsel was ineffective for failing to object to the prosecutor's closing argument, which Petitioner alleges improperly suggested that there was more than one victim of sexual assault.

Texas law considers proper jury argument to include (1) summation of the evidence presented at trial, (2) reasonable deductions drawn from that evidence, (3) responses to counsel's argument, and (4) pleas for law enforcement. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Crim. App. 1980). Attorneys are allowed wide latitude in drawing inferences from the evidence, so long as the inferences drawn are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 573 S.W.2d 396, 398 (Tex. Crim. App. (1988). The purpose of closing argument is to assimilate the evidence to assist the fact-finder in drawing proper conclusions from the evidence. *Id*. at 400. The jury is then free to accept or reject such conclusions and inferences. *Id*.

Here, Petitioner asserts that the following statements from the prosecutor were improper:

> What's he doing? He's trying to cut his losses. He's trying to get up here and be able to say that I'm taking responsibility for my actions. He has to get up here somehow in punishment and convince you to give him something other than a life sentence that he deserves. Well, how does he do that? He tries to cut his losses.
>
> Well, he says I'm sorry. Lindsay got up here and testified that he's

10

> apologized. He's tried to say that I'm sorry. Well, Lindsay sees him as her father. She sees him through eyes of love. Because no matter what he does to her, he's her father. And that is a tragedy because she knows what he is, and that doesn't change the truth.
>
> But you can't be that way. You have to see him objectively. You have to see the truth here and do what is necessary. He's not sorry that he did this. He's sorry he got caught.

In this case, the prosecutor's statement constitutes a reasonable inference from the evidence – that because she was Petitioner's daughter, she could not objectively judge or testify to the veracity of Petitioner's remorse. *See Cantu v. State*, 842 S.W.2d 667, 690 (Tex. Crim. App. 1992) (counsel is afforded wide latitude in drawing inferences from the record as long as they are reasonable and offered in good faith).

Petitioner also complains about the prosecutor's statement regarding Petitioner using the same method of providing drugs to young girls before requesting sexual favors from them on a different group of girls. Cobos testified that Petitioner had provided her and her friend with drugs and then heard Petitioner asking for oral sex. Petitioner later admitted that he and Cobos' friend had "messed around." The prosecutor's argument was proper as a summation of the evidence and reasonable deductions drawn from the evidence. *Gaddis*, 573 S.W.2d at 398.

Further, Petitioner asserts that this argument was improper because he had not been charged with sexual assault of a second victim, that Cobos' testimony was perjured, and that the evidence was not relevant. As shown above, any extraneous bad acts and extraneous offenses are admissible at the sentencing phase of trial. Tex. Code Crim. Proc. art. 37.07. This Court has also concluded that Petitioner has failed to show that Cobos' testimony was perjured. Evidence of the same behavior used on someone else shows a deliberate and repeated method of assaulting girls, and is

relevant. *Id.*

The jury was free to accept or reject the prosecutor's argument. Moreover, Petitioner has not shown that the prosecutor's actions were violative of a court order or that they were calculated to inflame the minds of the jury or that they were of such a character so as to suggest the impossibility of withdrawing the impression produced. *See Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471, 91 L. Ed.2d 144 (1986). Petitioner failed to show prosecutorial misconduct. Because the arguments were not improper, failure to object cannot be considered deficient performance. *Clark*, 19 F.3d at 966. Petitioner has also failed to show that his sentence would have been significantly different had objections been made and had they been sustained. The State reasonably rejected this claim.

Failure to Call Uncalled Witnesses

Petitioner asserts that his trial counsel was ineffective when he failed to call an expert witness to assist in Petitioner's defense. Specifically, he claims counsel should have called an expert who specializes in sex offender treatment because such an expert could have testified that rehabilitation is possible for sex offenders.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing

witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In the instant case, Petitioner has failed to name any expert witness that has stated that he/she was willing, able, and available to testify. *Alexander*, 775 F.2d at 602; Further, Petitioner has failed to provide the substance of any such testimony. *Id*.

Petitioner further states that his counsel was ineffective for failing to give the jury information contained in the *Psychological Bulletin*. It must first be noted that Petitioner has provided only excerpts, and not the full publication of the desired *Psychological Bulletin*. Next, it appears that counsel was attempting to show the jury that Petitioner was someone who had accepted responsibility for his actions by pleading guilty. It appears that his trial strategy was to minimize the sentence imposed. He requested that the jury consider probation based on Petitioner's remorsefulness and his efforts to overcome his addictions. It is likely that counsel's trial strategy would have been undermined if he had attempted to introduce evidence that minimized the injuries suffered by sexual abuse victims.

Petitioner has not supplied the identity of any expert witnesses who would have testified to

this matter. He has not provided affidavits of the uncalled witnesses. He has not shown that the uncalled witnesses would have appeared and testified favorably at trial. He has failed to overcome the presumption that trial counsel was not acting on a trial strategy. Unsupported assertions are not sufficient to overcome the strong presumption that the decisions regarding witnesses and evidence were not part of counsel's trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. The State's denial of these claims was reasonable.

<u>Failure to Advise Petitioner Regarding Possibility of Civil Commitment Upon Release</u>

Petitioner alleges that his counsel was ineffective for failing to advise him that, as a direct consequence of his guilty plea, he would be eligible for civil commitment upon release.

A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

If a petitioner challenges a guilty plea, there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradictions of petitioner's statements at the guilty plea

will not carry the burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Petitioner does not claim that his guilty plea was involuntary. Likewise, he fails to claim that his guilty plea was involuntary due to ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369, 88 L. Ed.2d 203 (1985). He fails to plead any specific facts showing that he was not adequately informed of the nature of the charges against him or the possible range of punishment prior to his guilty pleas. Further, the records submitted in this case reveal that Petitioner was admonished of the charges against him and the possible punishment. He signed the waiver and admonishments. Petitioner stated in open court that he was aware of the charge, the consequences of his plea, and that his plea was voluntary. He judicially confessed to each count of aggravated sexual assault of a child. The trial court verbally informed Petitioner of the range of punishment and admonished him concerning the consequences of pleading guilty. He said his plea was freely and voluntarily given. Formal declarations in open court carry with them a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977). The trial court found, and this Court finds no evidence to the contrary, that Petitioner freely and voluntarily pleaded guilty. Therefore, his claim of ineffective assistance of counsel concerning failure to advise is waived by his plea of guilty. *Smith*, 711 F.2d at 682. The State reasonably denied this claim.

Petitioner is also not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court

of the United States. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). Nor has he shown that the State court findings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *Id*.

Motion to Strike Biased Member of Venire Panel

Petitioner asserts that the trial court violated his right to a fair trial when it overruled his motion to strike a biased venire panel member, which ultimately lead to another biased juror to serve on the jury.

The Second Court of Appeals reviewed this claim and found that the trial court did not err in denying Petitioner's challenge for cause because venire member Hu stated that she could consider the entire range of punishment, including probation:

> In his first point, Appellant contends that the trial court erred in denying his challenge for cause. Appellant was eligible for community supervision, and during voir dire, counsel questioned the members of the jury panel on their ability to consider community supervision as a possible sentence. Veniremember Hu made it clear that she did not like community supervision and did not consider it a proper punishment. But when asked whether she could follow the law and consider probation "in a case like this," she agreed that she would follow the law. Defense counsel pursued the subject:
>
> DEFENSE COUNSEL: So you could consider it?
>
> . . . .
> VENIREPERSON: I can consider that, but I don't feel like it's enough punishment.
>
> DEFENSE COUNSEL: Can you consider with the idea of actually giving it? Can you consider it—actually giving it in a case like this?
>
> VENIREPERSON: I would have to look at the case.
>
> DEFENSE COUNSEL: Well, the law requires that we have a yes or no answer, ma'am. So could you consider with the concept of giving probation in a case like this?

> VENIREPERSON: I would consider, but not—yeah, I may not give it.
>
> DEFENSE COUNSEL: I'm sorry?
>
> VENIREPERSON: I would consider it.
>
> DEFENSE COUNSEL: You could consider it, or can you consider it with the idea of giving it is the question.
>
> VENIREPERSON: At this point, yes.
>
> A defendant is entitled to have only jurors who will consider the full range of punishment applicable to the offense with which he is charged. Tex. Code Crim. Proc. Ann. art. 35.16 (Vernon 1989 & Supp. 2003); *Johnson v. State,* 982 S.W.2d 403, 405-06 (Tex. Crim. App. 1998).
>
> A veniremember is not required to promise to give a particular sentence, only to consider it with the idea of actually being able to give it. Hu properly answered that, having heard no evidence, she could consider the entire range of punishment, including probation. If a veniremember states that he or she can follow the law despite personal prejudices, the trial court abuses its discretion by allowing a challenge for cause on that basis. *Brown v. State,* 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).
>
> Because Hu clearly stated that she could consider assessing a sentence of community supervision, having heard no evidence, the trial court did not err in denying Appellant's challenge. We overrule Appellant's first point.

*Ray v. State*, slip op. at 2-3.

To obtain relief, the trial court must do more than merely affect the verdict – it must render the trial as a whole, fundamentally unfair. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984). To determine if an error by the trial court rendered the trial fundamentally unfair, it is asked if there is a reasonable probability that the verdict would be different had the trial been conducted properly. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). To be actionable, the trial court error must have had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*,

507 U.S. at 637-38.

The conduct of voir dire is "left to the broad discretion of the trial judge, and the exercise of that discretion is limited by 'the essential demands of fairness.'" *Knox v. Collins*, 928 F.2d 657, 661 (5th Cir. 1991). Refusal to grant a challenge for cause is within the discretion of the trial court and provides no basis for habeas corpus relief "unless the disqualifying fact was so prejudicial that the refusal deprived the petitioner of a fundamentally unfair trial." *Sudds v. Maggio*, 696 F.2d 415, 416 (5th Cir. 1983).

In the present case, venire member Hu stated that she was able to consider the entire range of punishment, including probation. Petitioner has failed to show that the trial court's refusal of his challenge to venire member Hu for cause resulted in the denial of his right to a fair trial. The State reasonably denied this claim.

<u>Cruel and Unusual Punishment</u>

Petitioner asserts that his sentence violates the Eighth Amendment. The Eighth Amendment protects persons from cruel and unusual punishment. U.S. Const. Amend. VIII. This Court construes Petitioner's assertion to mean that his sentence is cruel and unusual compared to the crime committed. He asserts that his sixty-year sentence is cruel and unusual because he committed the crime when he was addicted to drugs and he is now remorseful. He also claims that he has attempted to rehabilitate himself while in county jail, and there were only four instances of illegal sexual activity.

In the present case, the evidence shows that the Complainant was a thirteen-year-old girl at the time of the offenses while Petitioner was over forty years old. Petitioner provided marijuana, alcohol, and cocaine to the Complainant and his daughter. He began asking for sexual favors in

18

exchange for the drugs, which included oral sex as well as vaginal sexual intercourse.

Petitioner, charged with three counts of aggravated sexual assault of a child, faced a range of punishment from five (5) years to ninety-nine (99) years or life of imprisonment. The jury assessed sixty years (60) of imprisonment. Compared to the evidence adduced during sentencing and the range of punishment, Petitioner has failed to show that the punishment exceeds the gravity of the corresponding offense. *See Rummel v. Estelle*, 445 U.S. 263, 283-85, 100 S. Ct. 1133, 1144-45, 63 L. Ed.2d 382 (1980) (mandatory life sentence did not constitute cruel and unusual punishment where defendant was convicted of obtaining $120.75 by false pretenses, but had two prior felony convictions – emphasizing that recidivist statutes punish not only the offense at issue, but also the propensities of the defendant demonstrated by prior convictions). The state court could have reasonably determined that Petitioner's sentence was not grossly disproportionate to his offense such that it could be considered cruel and unusual punishment in violation of the Eighth Amendment. *Id*. The State court reasonably denied this claim.

## Conclusion

Petitioner has failed to show that any of his issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case

is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 24th day of March, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE